STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH C. CAPRIO, DEFENDANT-APPELLANT.

Argued December 14, 1953—Decided December 14, 1953.

*Mr. Ralph G. Mesce* argued the cause for the appellant.

*Mr. Charles V. Webb, Jr.* and *Mr. C. William Caruso* for the respondent.

The opinion of the court was delivered by

VANDERBILT, C. J. (orally). The defendant Joseph C. Caprio was convicted of extortion. On his appeal to the Appellate Division of the Superior Court the same grounds of appeal that have been presented here were briefed and argued and duly passed on by the Appellate Division in

deciding the case and affirming the conviction below. Defendant now appeals to this court and urges that these same grounds raise a constitutional issue affecting his right to a fair trial under the Fourteenth Amendment to the United States Constitution. On the basis of this alleged constitutional question he asserts the right to appeal to this court under *Article VI, Section V, paragraph I,* of the *New Jersey Constitution of 1947.* The six points that are urged in support of this contention are set forth in his brief as follows:

(1) The first and immediate injurious effect of such joinder was to eliminate the value of Nicholas as a witness for the defense. While such joinder did not render Nicholas incompetent to testify, any testimony offered by him would bear the taint of a party, criminally accused.

(2) The second injurious effect of the joinder of Nicholas as a co-defendant was to enable the prosecutor to introduce evidence binding on Nicholas, yet palpably incompetent as to Joseph.

(3) The third injurious effect of the joinder of Nicholas as a co-defendant enabled the prosecutor to shift his position and theory of prosecution to meet the changing temper of the trial.

(4) The fourth injurious effect of the joinder of Nicholas as a co-defendant was to enable the prosecutor to try the co-defendants as joint participants, acting in concert, so that the acts and declarations of each would be binding on the other.

(5) The fifth injurious effect of the joinder of Nicholas Caprio as a co-defendant enabled the prosecutor to secure a conviction by confusion.

(6) Aggravating the five injurious effects caused by the joinder, was the undue weight imparted by the court to the testimony of the State's witness, Stefanelli.

We have all read the briefs very carefully and we have extended the time of defendant's counsel to present his oral argument here. After full consideration we are of the opinion that no constitutional question is presented under any of the six points raised by him. Nor do we deem any of them worthy of granting of certification as is petitioned by the defendant in his answer to the State's motion to dismiss. The appeal is therefore dismissed, and the motion to certify is denied.

*For dismissal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.